IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GABRIEL ARMSTRONG )<br>On behalf of himself and all others )<br>similarly situated, )<br>)<br>)<br>              Plaintiff, )<br>)<br>v. )<br>                             )<br>)<br>GENESH, INC., )<br>)<br>              Defendant. )<br>) | Case No. 11-1161-CM |

**MEMORANDUM AND ORDER**

Plaintiff Gabriel Armstrong brings this putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, claiming that his employer, defendant Genesh, Inc., has a practice and policy of failing to pay straight time and overtime compensation owed to plaintiff and other similarly situated employees.  Defendant operates fifty-two Burger King restaurants in Missouri and Kansas, and plaintiff is a Salaried Assistant Manager at a Burger King.  This matter is before the court on two motions: plaintiff's Motion for Conditional Class Certification of Class Claims Under § 216(B) of the FLSA (Doc. 15) and defendant's Motion to Strike Plaintiff's Reply in Support of Motion for Conditional Class Certification (Doc. 25).  The court issues the following rulings on the motions.

**I.     Motion to Strike Reply**

Defendant asks the court to strike pages 12–15 of plaintiff's reply brief and the five exhibits offered for the first time in support of the argument contained in those pages.  Defendant

correctly notes that this court ordinarily declines to consider new arguments and evidence offered for the first time in a reply brief.  *See Liebau v. Columbia Cas. Co.*, 176 F. Supp. 2d 1236, 1244 (D. Kan. 2001) ("Courts in this district generally refuse to consider issues raised for the first time a reply brief.").  Plaintiff offered evidence in his reply brief that appears to have been available to submit with his motion for conditional certification.  While plaintiff submitted the evidence in response to defendant's argument that plaintiff had not adequately supported his motion, the court believes that the evidence would have been more properly submitted with plaintiff's motion—not with the reply brief, effectively depriving defendant of the opportunity to respond.  The court could consider the newly-submitted evidence and give defendant an opportunity to respond, but the court believes this measure is unnecessary.  The court will consider the merits of plaintiff's motion without considering pages 12–15 of the response or the five exhibits referenced therein.  Defendant's motion to strike is granted.

### II.     Motion for Conditional Certification

Conditional certification of a class under the FLSA requires compliance with the FLSA class action mechanism, which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  Whether an employee may maintain a § 216(b) class action, then, depends on whether he or she is "similarly situated" to other members of the putative class.  Although § 216(b) does not define the term "similarly situated," the Tenth Circuit has endorsed the ad hoc method of determination. *Thiessen v. Gen. Elec. Capital Corp*., 267 F.3d 1095, 1105 (10th Cir. 2001).

Under the ad hoc method, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated.'" *Id.* at 1102 (citation omitted). This initial determination "'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Id*. (citation omitted); *see also Hadley v. Wintrust Mortg. Corp.*, No. 10-2574-EFM, 2011 WL 4600623, at *2 (D. Kan. Oct. 3, 2011); *Shockey v. Huhtamaki, Inc.*, 730 F. Supp. 2d 1298, 1300 (D. Kan. 2010). This standard is a lenient one. *Williams v. Sprint/United Mgmt. Co.*, 222 F.R.D. 483, 485 (D. Kan. 2004).

"Because the court has minimal evidence, [the notice stage] determination . . . typically results in 'conditional certification' of a representative class." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). The "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards. *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). Ordinarily, the court makes the determination fairly early in the litigation, before the parties complete discovery. *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004). And in making the determination, the court does not reach the merits of the plaintiff's claims. *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (citation omitted).

The court must therefore determine whether plaintiff has offered substantial allegations that members of the putative class are similarly situated. As suggested above, a plaintiff can demonstrate that he and putative class members are similarly situated by showing that they were subject to a common policy. *Brown*, 222 F.R.D. at 679; *Hoffman*, 982 F. Supp. at 261 ("[C]ourts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to

demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.").

> The putative class members identified in plaintiff's amended complaint are:
>
> those employees, and former employees, of Defendant who worked in the position of Assistant Manager, or who otherwise had similar job duties and compensation structures as those of the Plaintiff employed in the capacity of Assistant Managers, who were suffered or permitted to work by Defendant while not being paid all straight time compensation and overtime premiums at one and one-half times their regular rate of pay for all hours worked per week in excess of forty (40).

(Doc. 12, at 2.) Plaintiff alleges that, as a policy, defendant expects Assistant Managers to work 110 hours per two-week pay period. Defendant pays Assistant Managers based upon the number of hours they work in a two-week period, reduced to the nearest five-hour increment. Plaintiff alleges that a statement by Jennifer Robinson, defendant's Payroll and HR Manager, best demonstrates this policy: When plaintiff received a salary deduction in the amount of $44.59, he asked Ms. Robinson why he received the deduction. Ms. Robinson responded, "I paid you that because you only worked 105 hours. Just as I pay you more if you work more if you work less I pay you less." (Doc. 16-1, at 3.) According to plaintiff, this statement demonstrates the company's policy and practice of categorizing Assistant Managers as salaried employees, but deducting pay from their salary if and when Assistant Managers work less than 110 hours. Plaintiff states by affidavit that, based on his knowledge of defendant's business practices acquired through years of experience, he knows that most, if not all, of the Burger King stores operated by defendant use Assistant Managers with similar job duties and compensation structure.

While the evidence presented by plaintiff is less than abundant, the court is bound by the lenient standards governing conditional certification. This court has seen other motions with stronger evidentiary support, but the breadth of support in other cases does not change the *Thiessen* standard. Plaintiff has made substantial allegations that members of the class were victims of a common policy. The court concludes that the above-cited evidence is sufficient to conditionally certify a class.

> In addition to seeking conditional certification, plaintiff seeks the following relief:
>
> [(1)] an Order authorizing notice to be mailed to a class composed of all Assistant Managers and other persons with similar job duties and compensation structures, employed by Genesh Inc. ("Defendant") within three years from the date of certification, to the present, who were not paid all minimum wages and overtime compensation due and owing; [(2)] an Order requiring Defendants to provide Plaintiff with the names, addresses, and telephone numbers of each of the class members in an easily malleable format, such as Microsoft Excel, in order to assist with the issuance of class notice; [(3)] an Order requiring Defendant to post the Notice of this lawsuit in conspicuous locations where such Assistant Managers are employed; [(4)] an Order tolling the statute of limitations from the date of the filing of Plaintiff's Motion for Conditional Class Certification until the close of the opt-in period; [(5)] an Order designating Gabriel Armstrong as class representative; and [(6)] an Order approving Plaintiff's counsel to act as class counsel in this matter.

Defendant did not oppose any of these requests. Plaintiff's requests are reasonable and in accord with the relief that this court has granted in other cases granting conditional certification. The court therefore grants plaintiff's requests. Defendant shall provide plaintiff with the list identified above within fifteen days of the entry of this Memorandum and Order. The proposed Notice submitted by plaintiff shall be mailed within forty-five days of this Memorandum and Order, and all consents must be received and filed with the court within 120 days of this

Memorandum and Order.  All other relief is granted as requested by plaintiff in the above-quoted paragraph.

**IT IS THEREFORE ORDERED** that defendant's Motion to Strike Plaintiff's Reply in Support of Motion for Conditional Class Certification (Doc. 25) is granted.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Conditional Class Certification of Class Claims Under § 216(B) of the FLSA (Doc. 15) is granted.

Dated this 12th day of December, 2011, at Kansas City, Kansas.

                                        s/ Carlos Murguia
                                        **CARLOS MURGUIA**
                                        **United States District Judge**